**Dated: November 14, 2006**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**MORRIS DEWAYNE BRIDGMAN**  Case No. 05-74233
a/k/a PETE BRIDGMAN  Chapter 7

         Debtor,

**KAREN SMITH**

         Plaintiff,

vs.  Case No. 05-8155

**MORRIS DEWAYNE BRIDGMAN**
a/k/a PETE BRIDGMAN

         Defendant.

## **O R D E R**

On the 28th day of September, 2006, the above-referenced adversary came on for trial. Counsel appearing were James Bellingham and William Liebel, Attorneys for the Plaintiff, and Jimmy Veith, Attorney for the Defendant. After hearing evidence presented, this Court does hereby enter the following findings and conclusions in conformity with Rule 7052, Fed. R. Bankr. P., in this

core proceeding.

The parties stipulated to the following facts, as provided in the Final Pretrial Order:

1. On September 27, 2005, Bridgman filed for voluntary protection under Chapter 7 of the United States Bankruptcy Code, Title 11 U.S.C., in the United States Bankruptcy Court for the Eastern District of Oklahoma.

2. On January 5, 2004, Bridgman, as Plaintiff, filed his Petition in the District Court of Canadian County, State of Oklahoma styled "*In re the Marriage of Bridgman, Morris D. Bridgman, Petitioner and Karen Smith Bridgman, Respondent,* Case No. FD-2004-3." Bridgman alleged that a common law marriage existed between him and Smith and sought a dissolution of the marriage and an equitable division of the parties' alleged marital estate. Smith filed an Answer to the Petition denying that any common law marriage existed between the parties and filed a Counter-Claim for Forcible Entry and Detainer by which she sought possession of the house occupied by the parties and further sought possession (replevin) of her personal property.

3. After the trial on the merits, on May 17, 2004, the District Court, the Honorable John Wolking, entered a Journal Entry and Order determining that no common law marriage existed between Smith and Bridgman and further determining by way of replevin each of the parties' rights to possession of certain personal property.

4. Smith then submitted her Application for Attorney's Fees on several bases, including (1) the recovery of attorney's fees in defending a common law action was appropriate as a continuation of the Court's authority to award attorney's fees in a divorce action, (2) the divorce action had not been filed in good faith, (3) the prevailing party in a replevin action is entitled to attorney's fees under Title 12 O.S. § 1580, and (4) the Court had the inherent power to award attorney's fees under the "American Rule" even in the absence of statute or contract. Smith's Application sought attorney's fees in the amount of $26,233.69.

5. On September 21, 2004, the District Court of Canadian County entered its Memorandum Order which found that an award of attorneys fees was appropriate under all three theories claimed by Smith: (1) divorce, (2) replevin and (3) forcible entry. The Court, however, found that the forcible entry action never reached a decision as Bridgman had left the residence prior to the time of Trial and that no marriage was established. The Court found that Smith had prevailed on her replevin claim and was thus entitled to an attorney's fee. The Court found that "the requested fees are disproportionate to the complexity of the issues and the values of the

2

>    property is being disputed" and awarded Smith the sum of $3,000.00 as attorney's fees.
>
> 6. Smith appealed the award of attorneys fees in the amount of $3,000.00. On March 8, 2006, the Court of Appeals for the State of Oklahoma, Division I, rendered its decision reversing the District Court's award of $3,000.00 attorneys fees and remanding the case for further proceedings to determine an appropriate amount of attorney's fees consistent with the Court of Appeals' Opinion. On March 31, 2006, the Court of Appeals issued its mandate reversing and remanding the case to the District Court of Canadian County. The Court of Appeals held that an award of attorney's fees was appropriate in an action to determine a common law marriage and in a replevin action, but that the District Court erred when it awarded attorney's fees only by comparing the requested fee to the amount of the property involved in the replevin action to the exclusion of time expended in defending the common law divorce action. The Court of Appeals found that the attorney's fees should be determined by considering the total time spent in both the divorce and replevin aspects of the case and concluded that the fee awarded to Smith was too low for trial services.
>
> 7. Following the Court of Appeals' Reversal and Remand, no action has been taken in the District Court of Canadian County by virtue of the automatic stay pending the outcome of this adversary proceeding.

Plaintiff contends the attorney fee award from the District Court action is nondischargeable in Defendant's bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(5), (6) and (15). Plaintiff argues that the fee award is an obligation for spousal support that is nondischargeable under § 523(a)(5) or (15). Plaintiff further argues that the District Court action was frivolous and malicious and that the fee award is nondischargeable under § 523(a)(6).

Defendant testified at trial that he believed he and the Plaintiff were married under common law. Further, after consulting with an attorney regarding a separation, Defendant made the decision to file for divorce.

Defendant's bankruptcy petition was filed before the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), therefore this Court will apply

3

11 U.S.C. § 523 as it was in effect prior to the BAPCPA.

Section 523 of the Bankruptcy Code provides, in pertinent part:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
*** 
(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that -
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . .; or
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;
***
(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor nor reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(5), (6) & (15). Generally, the creditor bears the burden of proof by a preponderance of the evidence with respect to dischargeability actions. *Grogan v. Garner,* 498 U.S.

4

279, 111 S.Ct. 654, 112 L.Ed. 2d 755 (1991).

First, this Court will examine Plaintiff's § 523(a)(5) claim. The underlying policy of § 523(a)(5) favors enforcement of familial support obligations over a fresh start for the debtor. *Sampson v. Sampson (In re Sampson),* 997 F.2d 717, 722 (10th Cir. 1993). The statute explicitly provides that the debt owed to a *spouse, former spouse, or child of the debtor* for alimony or support is nondischargeable. 11 U.S.C. § 523(a)(5) (emphasis added). In the present case, the District Court found that no common law marriage existed. Plaintiff is not a spouse, former spouse, nor child of the Defendant, and therefore Plaintiff's claim under § 523(a)(5) must fail.

Next the Court will examine Plaintiff's claim under § 523(a)(15). This Court has followed the line of cases which states that § 523(a)(15) establishes a rebuttable presumption that any property settlement allocation arising from a divorce is nondischargeable unless the debtor can prove one of the requirements set forth in § 523(a)(15)(A) or (B). *Slover v. Slover (In re Slover),* 191 B.R. 886, 891 (Bankr. E.D. Okla. 1996) (citing *In re Becker,* 185 B.R. 567, 569 (Bankr. W.D. Mo. 1995); *Carroll v. Carroll (In re Carroll),* 187 B.R. 197 (Bankr. S.D. Ohio 1995)). There was little or no evidence presented in support of Plaintiff's claim under § 523(a)(15). Plaintiff failed to establish that the attorney fee award falls within the scope of the statute. Therefore, Plaintiff's claim under § 523(a)(15) should be denied.

Next, this Court turns to Plaintiff's § 523(a)(6) claim. For a debt to be nondischargeable under this section, a creditor must prove "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaahua v. Geiger,* 523 U.S. 57, 61 (1998). Nondischargeability under this section requires an intent to do harm, not just an intentional act. *Panalis v. Moore (In re Moore),* 357 F.3d 1125, 1129 (10th Cir. BAP 2004) (citing *Markowitz v.*

5

Case 05-08155   Doc 37   Filed 11/14/06   Entered 11/14/06 17:02:13   Desc Main
Document      Page 5 of 7

*Campbell (In re Markowitz),* 190 F.3d 455, 462-63 (6th Cir. 1999)).

Section § 523(a)(6) requires proof of both a willful act and a malicious injury. A "willful act" is one in which a debtor "must 'desire . . . [to cause] the consequences of his act or . . . believe [that] the consequences are substantially certain to result from it.'" *Moore*, 357 B.R. at 1129 (quoting *Mitsubishi Motors Credit of America, Inc. v. Longley (In re Longley),* 235 B.R. 651, 657 (10th Cir. BAP 1999)). Black's Law Dictionary defines "willful" as "voluntary" or "intentional." *See, Geiger,* 523 U.S. at 61, fn 3. "Willfulness" can be proven by direct evidence of specific intent to harm the creditor or his property, or indirect evidence that the debtor knew of the creditor's rights and that his conduct will cause some particularized injury or that injury was substantially certain to occur. *Longley,* 235 B.R. at 657.

As for the malice element of § 523(a)(6), this court follows the view that malice is present upon a showing that the injury was inflicted without just cause or excuse. *Bombardier Capital, Inc. v. Tinkler (In re Tinkler),* 311 B.R. 869, 880 (Bankr. D. Colo. 2004), citing *Tinker v. Colwell,* 193 U.S. 473 (1904). A malicious injury is one in which the debtor either intended the resulting injury or intentionally took some action that was substantially certain to cause the injury. *Id.*

Plaintiff failed to meet its burden of proving willfulness and malice. Defendant testified that he honestly believed that he and the Plaintiff were married under common law. Defendant stated several reasons for his belief, for instance, the parties held themselves out as husband and wife, and wore wedding rings, according to Defendant. After consulting with his attorney, Defendant followed the attorney's advice and filed for divorce. Further, the District Court made no finding of bad faith on the Defendant's part in bringing the action. It appears that Defendant did not intend to defraud the Plaintiff or intentionally injury her by commencing the divorce proceeding. The facts

6

do not give rise to an exception to discharge under § 523(a)(6).

IT IS THEREFORE ORDERED that judgment is entered for the Defendant in that the debt owed to Plaintiff by the Defendant is **dischargeable**.

###

7

Case 05-08155   Doc 37   Filed 11/14/06   Entered 11/14/06 17:02:13   Desc Main
Document      Page 7 of 7